UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**MARIA STATHIS,**

    **Plaintiff,**

**vs.**

CASE NO.:

**DUFFY'S OF NORTH MIAMI BEACH, INC., d/b/a d/b/a DUFFY'S SPORTS GRILL, a Florida Profit Corporation,**

    **Defendants.**     /

**PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiff, MARIA STATHIS, ("Plaintiff"), was an employee of Defendant DUFFY'S OF NORTH MIAMI BEACH, INC., d/b/a d/b/a DUFFY'S SPORTS GRILL, a Florida Limited Liability Corporation ("Defendant"), and brings this action for unpaid minimum wages, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### I.     NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary

for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant unapid minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

## II. PARTIES

2. Plaintiff was an hourly paid service worker ("server") and performed related activities for Defendant in North Miami Beach, Florida.

3. Defendant, DUFFY'S OF NORTH MIAMI BEACH, INC., d/b/a d/b/a DUFFY'S SPORTS GRILL, is a domestic corporation existing under the laws of Florida. Defendant may be served with process via service on its registered agent Mark Rouleau at 1478 1926 10th Avenue North, Suite 300, Lake Worth, Florida 33461 or at its principal place of business located at 3969 NE 163rd Street, North Miami Beach, Florida 33160.

4. Defendant is subject to the personal jurisdiction of this Court.

5. Defendant is a Florida For Profit Corporation and operating its business within the city of North Miami Beach, Florida.

6. Defendant is subject to the personal jurisdiction of this Court.

7. Venue is proper in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## III. JURISDICTION

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

## IV. COVERAGE

9. At all material times (2017-2020), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

10. At all material times, Defendant was an employer as defined by 29 U.S.C. § 203(d).

11. At all material times, Defendant has had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00), exclusive of excise taxes at the retail level which are separately stated.

12. At all material times, Defendant has had two or more employees engaged in interstate commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

13. At all material times, Defendant has had two or more employees who routinely ordered materials or supplies such as office supplies and equipment, food service products, and food preparation products from out of state vendors.

14. Additionally, Plaintiff was an employee of Defendant and was, at all times relevant to this action, individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1) as she was required to accept payment from customers using credit cards issued by out of state financial institutions on a daily basis and worked at a restaurant which served customers who traveled to/from out of state destinations.

## V. FACTUAL ALLEGATIONS

15. Defendant owns and operates a restaurant known as Duffy's Sports Grill.

16. Defendant employs several servers, bartenders, hosts, bussers, and runners.

17. Plaintiff worked for the Defendant as a server from approximately May 2017 through May 2019.

18. As a server, Plaintiff was responsible for serving food and beverages, explaining the menu and taking orders from guests, and adhering to company standards for food and beverages.

19. Plaintiff was also responsible for performing side work such as rolling silverware, clearing dishes, and restocking napkins and condiments.

20. Plaintiff's side work accounted for approximately 50% of her weekly job duties.

21. Plaintiff typically worked thirty-five (35) to forty-five (45) hours per week.

22. Defendant paid Plaintiff an hourly wage less than minimum wage (approximately $5.60).

23. In addition, Plaintiff earned tips as a server.

24. Defendant paid Plaintiff according to what is commonly referred to as the "tip credit."

25. Throughout Plaintiff's employment Defendant failed to properly notify Plaintiff of the provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

26. Throughout Plaintiff's employment Defendant required Plaintiff to share her tips with other workers (through a "tip pool").

27. Specifically, Defendant required Plaintiff to tip out another "back of house," non-tipped employee who was a dedicated silverware roller.

28. Defendant's silverware rollers do not serve or interact with Defendant's customers.

29. Defendant's silverware rollers typically remain in the kitchen and was commonly referred to as the "back of the house" area.

30. Servers should not share tips with back of the house employees.

31. As a result, Defendants were not entitled to utilize the FLSA's tip credit provision to credit Plaintiff's tips towards a portion of their minimum wage obligations.

### VI.  COLLECTIVE/CLASS ACTION ALLEGATIONS

32. Defendant employs other servers as part of its business operations.

33. Servers perform similar job duties as Plaintiff in that they explain the menu and take orders from guests, serve beverages and keep their area clean.

34. Servers are paid by the hour.

35. Servers are paid less than minimum wage, plus tips ("the tip credit").

36. Servers typically work thirty (30) to forty (40) hours per week.

37. Servers are required to tip out silverware rollers in a manner similar to Plaintiff.

38. Defendant's servers are the putative class members for this potential collective action.

39. Plaintiff and the class members performed the same or similar job duties as one another in that they provided services for Defendants.

40. Plaintiff and the class members were required to tip back of house employees each shift in violation of the FLSA's requirement that minimum wages be paid "free and clear."

41. Shortly after being hired, Defendant explains it policy that servers are required to tip out silverware rollers.

42. The tip out is mandatory and affects all servers.

43. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were subject to working without receiving proper compensation in the form of a free and clear minimum wage.

44. Defendants' common policy violations have caused Plaintiff and the class members to receive less than minimum wage for all hours worked.

45. Thus, the class members are similar with regard to their wages for the same reasons as Plaintiff.

46. These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of federally mandated minimum wages to Plaintiff apply to all class members. Accordingly, the class members are properly defined as:

> **All servers who worked at any of Defendant's North Miami Beach restaurant within the last three years**

47. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members at a rate of at least the statutorily prescribed minimum wage.

48. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

49. During the relevant period, Defendant violated § 7(a)(1), § 15(a)(2) and § 203(m), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at the statutorily prescribed minimum wage within a work week during one or more weeks.

50. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

51. Defendant has employed more than one hundred (100) or more class members who were paid pursuant to a tip credit at their North Miami Beach location within the relevant limitations period.

## CLASS REPRESENTATION ALLEGATIONS

52. The claims under the Florida Constitution may be pursued by all similarly situated persons who choose not to opt-out of the state law sub-class pursuant to Florida Rules of Civil Procedure Rule 1.220(b)(1),(2) and alternatively (3).

53. The number of individuals in the class is so numerous that joinder of all members is impracticable.

54. The exact number of members of each class can be determined by reviewing Defendant's records.

55. However, Plaintiffs are informed and believe that there are more than one hundred (100) eligible individuals in the defined class.

56. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in class action and employment litigation.

57. Plaintiff has no interests that are contrary to, or in conflict with, the members of the class.

58. A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

59. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

60. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.

61. Absent these actions, many members of the class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the Florida Constitution.

62. Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

63. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Defendant's employed servers within the meaning of the applicable statutes;

   b. Whether servers were uniformly paid the tipped minimum wage;

   c. Whether Defendant failed to pay Plaintiff and members of the class all minimum wages owed to them;

   d. Whether Plaintiffs and the class members were required to participate in an illegal tip pool plan;

   e. What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

   f.  Whether Defendant's failure to compensate Plaintiff and the class members at the applicable minimum wage rates was willful, intentional or done with reckless disregard.

64. The relief sought is common to the entire class including, *inter alia:*

   a. payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution;

   b. payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution;

   c. payment by the Defendant of the costs and expenses of this action, including the attorneys' fees of Plaintiffs' counsel.

65. Plaintiff's claims are typical of the claims of members of the class.

66. Plaintiff and members of the class have sustained damages arising out of the same wrongful and uniform employment policies of Defendant in violation of the Florida Constitution and federal law.

67. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

68. As to the Florida claims, Plaintiff seeks class certification under Florida Rules of Civil Procedure Rule 1.220(b)(1),(2) and alternatively (3) of the following state law class:

> **All servers who worked at any of Defendant's North Miami Beach restaurant within the last five years**

### COUNT I - RECOVERY OF MINIMUM WAGES UNDER THE FLSA

69. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-51 above as though fully stated herein.

70. Plaintiff and the class members are entitled to be paid minimum wage for each hour worked during their employment with Defendant.

71. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate Plaintiff for the same.

72. Because of Defendant's improper tip out policy in this regard, Plaintiff and the class members have not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant.

73. Defendant willfully failed to pay Plaintiff and the class members minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because it was aware of the minimum wage law requirements but continued its violations.

74. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the class members have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

75. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated FLSA Collective Members who worked for Defendant during the Collective Period, prays for the following relief:

    a. Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all servers who work or have worked for Defendant during the Collective Period. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;
    b. payment to her and all class members of minimum wages for all hours worked at the correct rate pursuant to 29 U.S.C. § 216(b);
    c. an equal amount of liquidated damages pursuant at the highest rate allowed by law;
    d. reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this; and

  e. Any other relief that Plaintiff and the class members may be due or entitled.

**COUNT II-**
**<u>VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, § 24</u>**

76. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, and 52-68, above as though fully stated herein.

77. Plaintiff and those similarly situated servers are/were entitled to be paid the full minimum wage for each hour worked during their employment with Defendant.

78. During their employment with Defendant, Plaintiff and those similarly situated servers were forced to participate in an illegal tip pool in violation of the Florida Constitution's tip-credit provision.

79. Defendant willfully failed to pay Plaintiff and those similarly situated servers the full minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

80. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and those similarly situated servers have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

81. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant an Order awarding:

  f. payment to her and all class members of minimum wages for all hours worked at the correct rate pursuant to Article X, Section 24 of the Florida Constitution;
  g. an equal amount of liquidated damages pursuant to Article X, Section 24 of the Florida Constitution, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;
  h. reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case pursuant to Article X, Section 24 of the Florida Constitution;
  i. certification of this case as a class action under the provisions of Florida Rules of Civil Procedure Rule 1.220(b)(1),(2) and alternatively (3); and

      j.      Any other relief that Plaintiff and the class members may be due or entitled.

Dated this 29th day of May, 2020.

Respectfully submitted,

*s/Carlos V. Leach*
Carlos Leach, Esq.
FL Bar No. 0540021
Bruce A. Mount, Esq.
FL Bar No. 88754
THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 213
Winter Park, Florida 32789
Phone: (407) 574-4999
Facsimile: (833) 423-5864
E-mail: cleach@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiffs***